UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 3, 2006

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | GRAND JURY ORIGINAL |
| | VIOLATIONS: |
| JUAN CARLOS MODESTO BETANCOURT<br>  a/k/a JUANCA, a/k/a EL CUCHO,<br>  a/k/a EL MONO, a/k/a DANIEL<br>LEONARDO MODESTO BETANCOURT,<br>  a/k/a LEO, a/k/a JULIAN, a/k/a JULIO,<br>  a/k/a CABALLO<br>OSCAR DARIO ZAPATA MEDRANO<br>  a/k/a EL POLLO<br>CELSO NAVARRO DIAZ<br>  a/k/a COSTEÑO<br>OSCAR HURTADO CAMPAZ<br>  a/k/a  MACHO<br>LUIS FERNANDO GALLEGO SANCHEZ<br>  a/k/a FERCHO<br>WILBERTH JESUS RUIZ MARMOLEJO<br>  a/k/a WIL, a/k/a JOHAN<br>HAROL RUTILIO RIVAS CACERES<br>  a/k/a CHULETA<br>AYNE VALENCIA VALENCIA<br>  a/k/a EL FLACO<br>GENODER RUIZ MARMOLEJO<br>  a/k/a BETO<br>JOSE EDINSON DIAZ BANGUERA<br>  a/k/a MISTER<br>CARLOS ALBERTO ECHEVERRY<br>  TASCON a/k/a POSILLO<br><br>  Defendants. | 21 U.S.C. §963, 959 and 960<br>Conspiracy to Distribute<br>Five Kilograms or More of<br>Cocaine Knowing or<br>Intending that It Will  Be<br>Unlawfully Imported<br>Into The United States<br>18 U.S.C. §2 Aiding and Abetting<br>21 U.S.C. §853 and §970 Forfeiture |

## **INDICTMENT**

The Grand Jury charges that:

### **COUNT ONE**

Beginning in or about August 2006, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Indictment, in the countries of Colombia, Panama, Costa Rica, Guatemala and Mexico, and elsewhere, the defendants, JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel; LEONARDO MODESTO BETANCOURT, a/k/a Leo, a/k/a Julian, a/k/a Julio, a/k/a Caballo; OSCAR DARIO ZAPATA MEDRANO a/k/a El Pollo; CELSO NAVARRO DIAZ a/k/a Costeño; OSCAR HURTADO CAMPAZ a/k/a Macho; LUIS FERNANDO GALLEGO SANCHEZ a/k/a Fercho; WILBERTH JESUS RUIZ MARMOLEJO a/k/a Wil, a/k/a Johan; HAROL RUTILIO RIVAS CACERES a/k/a Chuleta; AYNE VALENCIA VALENCIA a/k/a El Flaco; GENODER RUIZ MARMOLEJO a/k/a Beto; JOSE EDINSON DIAZ BANGUERA a/k/a Mister; CARLOS ALBERTO ECHEVERRY TASCON a/k/a Posillo and others known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other, to commit the following offense against the United States:  to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 963, 959, 960 and Title 18, United States Code, Section 2.

## OBJECTS OF THE CONSPIRACY

The objects of said conspiracy were among others:

1. To recruit and maintain a group of individuals with special skills and equipment to facilitate the importation of narcotics into the United States.

2. To avoid detection by governmental authorities of the organization's activities by using fictitious names, placing properties under the names of third parties, constantly changing telephone numbers, using coded language in their conversations, using couriers to transport drug proceeds in suitcases with hidden compartments, purchasing special vehicles, vessels, and equipment, and hiring persons with special skills, including boat captains to transport the loads of drugs to the United States.

3. To buy weapons and ammunitions for the security of the organization and the protection of the stash houses.

4. To import large amounts of controlled substances into the United States for distribution within the United States for profit.

5. To return the profits of the organization's illegal drug trafficking activities to its members in Colombia, South America and elsewhere.

## MEANS, MANNER AND METHODS

1. At all times pertinent to this indictment JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel and LEONARDO MODESTO BETANCOURT, a/k/a Leo, a/k/a Julian, a/k/a Julio, a/k/a Caballo, were partners and leaders of an organization dedicated to import controlled substances from Colombia, South America into the United States.

2. At all times pertinent to this indictment JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel was the contact person between the Colombian supplier of cocaine and the Organization.

3. At certain times pertinent to this indictment CELSO NAVARRO DIAZ a/k/a Costeño was in charge of locating stash houses in Colombia for the loads of cocaine that were later to be transported to the United States.

4. At certain times pertinent to this indictment CELSO NAVARRO DIAZ a/k/a Costeño would communicate and coordinate with the boat captains to deliver the cocaine loads to predetermined locations in the high seas or to the stash houses along the route to Panama, Costa Rica, Guatemala and Mexico.

5. At certain times pertinent to this indictment OSCAR HURTADO CAMPAZ a/k/a Macho was in charge of all the maintenance of all the organization's vessels in Colombia, which were used in the importation of narcotics into Panama, Costa Rica, Guatemala and Mexico and with final destination to the United States.

6. At certain times pertinent to this indictment, OSCAR DARIO ZAPATA MEDRANO a/k/a El Pollo and OSCAR HURTADO CAMPAZ a/k/a Macho were in charge of transferring the bales of cocaine from the organization's stash houses to locations along the route to the final destination or to international waters where the load would be placed in vessels that will deliver them to their final destination.

7. At all times pertinent to this indictment AYNE VALENCIA VALENCIA a/k/a El Flaco was in charge of storing and guarding the narcotics in stash houses in Colombia until they were imported.

8.      At certain times pertinent to this indictment WILBERTH JESUS RUIZ MARMOLEJO a/k/a Wil, a/k/a Johan and GENODER RUIZ MARMOLEJO a/k/a Beto were in charge of locating stash houses and offloading the narcotics on the shores of Panama, Costa Rica, Guatemala and Mexico.

9.      At certain times pertinent to this indictment WILBERTH JESUS RUIZ MARMOLEJO a/k/a Wil, a/k/a Johan; GENODER RUIZ MARMOLEJO a/k/a Beto; LUIS FERNANDO GALLEGO SANCHEZ a/k/a Fercho; CELSO NAVARRO DIAZ a/k/a Costeño and CARLOS ALBERTO ECHEVERRY TASCON a/k/a Posillo were in charge of the transportation of cash, repatriation of funds and the recollection of proceeds of the organization's unlawful activities.

10.     At certain times pertinent to this indictment JOSE EDINSON DIAZ BANGUERA a/k/a Mister was responsible for the transportation of loads of cocaine from the laboratories to the stash locations in Colombia and onward to Panama, Costa Rica, Guatemala and Mexico.

## OVERT ACTS

During and in furtherance of the conspiracy, the conspirators committed, among others, the following overt acts:

1.      From on or about September 15, 2006, to on or about October 6, 2006, defendants JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel; LEONARDO MODESTO BETANCOURT, a/k/a LEO, a/k/a Julian, a/k/a Julio, a/k/a Caballo; OSCAR DARIO ZAPATA MEDRANO a/k/a El Pollo; CELSO NAVARRO DIAZ a/k/a Costeño; OSCAR HURTADO CAMPAZ a/k/a

Macho; WILBERTH JESUS RUIZ MARMOLEJO a/k/a Wil, a/k/a Johan; HAROL RUTILIO RIVAS CACERES a/k/a Chuleta; AYNE VALENCIA VALENCIA a/k/a El Flaco; GENODER RUIZ MARMOLEJO a/k/a Beto and others imported or attempted to import 6,000 kilos of cocaine into the United States.

2. On or about September 17, 2006, JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel; LEONARDO MODESTO BETANCOURT, a/k/a Leo, a/k/a Julian, a/k/a Julio, a/k/a Caballo; OSCAR DARIO ZAPATA MEDRANO a/k/a El Pollo; OSCAR HURTADO CAMPAZ a/k/a Macho; HAROL RUTILIO RIVAS CACERES a/k/a Chuleta; JOSE EDINSON DIAZ BANGUERA a/k/a Mister and others imported or attempted to import 1,000 kilos of cocaine into the United States.

3. From on or about September 15, 2006, to on or about October 10, 2006, JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel; LEONARDO MODESTO BETANCOURT, a/k/a Leo, a/k/a Julian, a/k/a Julio, a/k/a Caballo; CELSO NAVARRO DIAZ a/k/a Costeño; LUIS FERNANDO GALLEGO SANCHEZ a/k/a Fercho; CARLOS ALBERTO ECHEVERRY TASCON a/k/a Posillo and others participated in the collection of drugs proceeds belonging to the organization.

4. From on or about October 6, 2006, to on or about November 16, 2006, defendants JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel; LEONARDO MODESTO BETANCOURT, a/k/a Leo, a/k/a Julian, a/k/a Julio, a/k/a Caballo; OSCAR DARIO ZAPATA MEDRANO a/k/a El Pollo; OSCAR HURTADO CAMPAZ a/k/a Macho; WILBERTH JESUS RUIZ

MARMOLEJO a/k/a Wil, a/k/a Johan; HAROL RUTILIO RIVAS CACERES a/k/a Chuleta; CARLOS ALBERTO ECHEVERRY TASCON a/k/a Posillo and others imported or attempted to import 7,500 kilos of cocaine to the United States.

5. From on or about November 10, 2006, to on or about November 22, 2006, defendants JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel; LEONARDO MODESTO BETANCOURT, a/k/a Leo, a/k/a Julian, a/k/a Julio, a/k/a Caballo; LUIS FERNANDO GALLEGO SANCHEZ a/k/a Fercho; CARLOS ALBERTO ECHEVERRY TASCON a/k/a POSILLO and others participated in the transportation of approximately US $150,000 of the organization's drugs proceeds from Guatemala through the use of couriers.

6. From on or about March 12, 2007 to on or about March 21, 2007, the defendants JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel; LEONARDO MODESTO BETANCOURT, a/k/a Leo, a/k/a Julian, a/k/a Julio, a/k/a Caballo; OSCAR DARIO ZAPATA MEDRANO a/k/a El Pollo; AYNE VALENCIA VALENCIA a/k/a El Flaco; JOSE EDINSON DIAZ BANGUERA a/k/a Mister and others prepared for the importation of a load of 5,866 kilos of cocaine to the United States and stored the cocaine at a stash house in Choco, Colombia, where it was seized by Colombian law enforcement authorities.

7. From on or about May 23, 2007 to on or about July 29, 2007, defendants JUAN CARLOS MODESTO BETANCOURT a/k/a Juanca, a/k/a El Cucho, a/k/a El Mono, a/k/a Daniel; LEONARDO MODESTO BETANCOURT, a/k/a Leo, a/k/a Julian, a/k/a Julio, a/k/a Caballo; OSCAR DARIO ZAPATA MEDRANO a/k/a El Pollo; WILBERTH JESUS RUIZ MARMOLEJO a/k/a Wil, a/k/a Johan; HAROL RUTILIO

RIVAS CACERES a/k/a Chuleta; AYNE VALENCIA VALENCIA a/k/a El Flaco and others prepared for the importation of a load of 7,000 kilos of cocaine and stored it at a stash house in Choco, Colombia, where it was seized by Colombian law enforcement authorities.

## FORFEITURE ALLEGATION

Upon conviction of the criminal violations alleged in Count 1 of this Indictment, said offenses being punishable by imprisonment for more than one year, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all respective right, title, or interest which the defendants may have in:

(1) any and all money and/or property constituting, or derived from, any proceeds which said defendants obtained, directly or indirectly, as the result of the violations alleged in Count 1 of this Indictment; and

(2) any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations alleged in Count 1 of this Indictment, together with all interest and proceeds traceable thereto, in that said property constitutes or was derived from proceeds said defendants obtained as a result of the violations charged in Count 1 of the Indictment, and is property which was used or intended to be used to facilitate said violations:

If any of the above described forfeitable property, as a result of any act or omission of the

defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraphs 1 and 2 above.

(Criminal Forfeiture, pursuant to Title 21, United States Code, Sections 853 and 970).

A TRUE BILL:

_____
FOREPERSON.

Kenneth A. Blanco, Chief
Narcotic and Dangerous Drug Section
Criminal Division, Department of Justice
1400 New York Avenue, N.W.
Bond Building
Washington, D.C.  20005


By: _____
Carmen D. Colón
Trial Attorney
Criminal Division, Narcotic and Dangerous Drug Section
Department of Justice
1400 New York Avenue, N.W.
Bond Building
Washington, D.C.  20005
Telephone: (202)353-4425